Below is the Order of the Court.

*Mary Jo Heston*

_____
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In Re:<br><br>**MAGAR EDWARD MAGAR**,<br><br>Debtor. | Case Number 15-41415-MJH<br><br>AMENDED ORDER AUTHORIZING AND IMPLEMENTING SETTLEMENT AGREEMENT |

THIS MATTER came before this court on the motion of the Official Unsecured Creditors Committee to Authorize And Implement Settlement Agreement.

It appearing to the Court that mediated settlements were reached on November 13, 2017 by and between the Debtor In Possession and the Idaho Conservation League, the Syringa Mobile Home Park represented by the University of Idaho College of Law Legal Clinic, the Idaho Department of Environmental Quality, and the Official Unsecured Creditors Committee, that a written settlement agreement entitled Magar Settlement Agreement Of Some Claims has been approved by all parties (the "Settlement Agreement"), and it further appearing to the court that the settlements provided for in the Settlement Agreement are in the best interests of creditors and the Estate, and notice as

AMENDED ORDER AUTHORIZING AND
IMPLEMENTING SETTLEMENT
AGREEMENT — 1

Nellor Law Office
201 N.E.. Park Plaza Drive, Suite 202
Vancouver, WA 98684
360-816-2241

Case 15-41415-MJH    Doc 341    Filed 01/26/18    Ent. 01/26/18 16:42:25    Pg. 1 of 5

appropriate under the circumstances having been given,

NOW, THEREFORE, IT IS HEREBY

ORDERED that the Settlement Agreement attached hereto as Exhibit "A" be and it hereby is approved, and

IT IS FURTHER ORDERED that the Debtor In Possession be and it hereby is authorized and directed to enter into, comply with, and perform its obligations under the Settlement Agreement, and

IT IS FURTHER ORDERED that the claims of the Idaho Conservation League, the Syringa Mobile Home Park represented by the University of Idaho College of Law Legal Clinic, the Idaho Department of Environmental Quality, and the Official Unsecured Creditors Committee be and they hereby are allowed as set forth in the Settlement Agreement.

/ / / End Of Order / / /

Presented by:

/s/ J. D. Nellor
John D. Nellor, WSBA #9101
J. D. Nellor, P.C. | Nellor Law Office
Of Attorneys for the Creditors Committee

/s/ Ford Elsaesser
Ford Elsaesser, IBA #2205
Elsaesser Anderson, Chtd.
Of Attorneys for the Creditors Committee

**AMENDED ORDER AUTHORIZING AND IMPLEMENTING SETTLEMENT AGREEMENT — 2**

Nellor Law Office
201 N.E.. Park Plaza Drive, Suite 202
Vancouver, WA 98684
360-816-2241

# Exhibit A

# MAGAR SETTLEMENT AGREEMENT OF SOME CLAIMS

This document memorializes the terms of settlement agreements reached among Magar Edward Magar (the "Debtor"), the Idaho Conservation League ("ICL"), the State of Idaho Department of Environmental Quality ("DEQ"), and a group of residents and former residents of the Syringa Mobile Home Park ("the Tenants").

## Recitals

A. Judge Frederick P. Corbit from the United States Bankruptcy Court for the Eastern District of Washington was appointed as the settlement judge in connection with *In re Magar*, Case No. 15-41415, pending in the United States Bankruptcy Court for the Western District of Washington of Tacoma (the "Bankruptcy Case"). [ECF No. 313].
B. By court order, a settlement conference was held on November 13, 2017. [ECF No. 314].
C. The following parties were present at the settlement conference: (1) Shelley Magar, appearing as the authorized representative of the Debtor, represented by attorney Timothy Dack, (2) ICL, represented by attorney Bryan Telegin, (3) DEQ, represented by Michael Camin and attorney Andrea Courtney, (4) the Tenants, represented by Maureen Laflin and Jessica Long, attorneys at the University of Idaho Legal Aid Clinic (the "Clinic"), and (5) the Official Committee of Unsecured Creditors ("Creditors Committee"), represented by attorney Ford Elsaesser.
D. This agreement sets forth the general terms of the parties' agreements with respect to claims in the Bankruptcy Case.

## Agreements

1. With respect to pre-petition monetary claims filed in the Bankruptcy Case, the parties have agreed that the following amounts will be allowed claims in the Bankruptcy Case:
   a. ICL's claim shall be allowed in the amount of $245,000.00;
   b. DEQ's claim shall be allowed in the amount of $128,000.00; and
   c. The Tenants' claim shall be allowed in the amount of $282,000.00.
2. The agreed amounts of the claims of ICL and DEQ, as set forth above, shall be paid in the ordinary course of the Bankruptcy Case, but due to the unique needs of the Tenants, the agreed claim of the Tenants, as set forth above, will be paid as follows:
   a. The payment of the claim will be through the Clinic, and the Clinic will disburse the funds to the various tenants and pay its fees and costs, if any, as agreed between the Clinic and its clients; and
   b. The claim shall be paid by the Debtor within 14 days after the approval of this settlement by the bankruptcy court and the court presiding over a related class action lawsuit. Court approval will be obtained as quickly as practicably possible.
3. The Creditors Committee shall seek bankruptcy court approval, and the Clinic shall seek the class action court approval.
4. Debtor shall complete construction of the Syringa Mobile Home Park Pump House Improvements project designed by Daniel Remmick, P.E. (dated June 13, 2017) in accordance with the DEQ approval letter dated June 28, 2017, by a date DEQ approves which will be determined by no later than December 31, 2017. The Debtor shall install

Case 15-41415-MJH    Doc 341    Filed 01/26/18    Ent. 01/26/18 16:42:25    Pg. 4 of 5

the generator, as described in the approved construction plans, and have it operating by January 12, 2018.
5. The Debtor shall decommission the lagoon in the Syringa Mobile Home Park in accordance with applicable law.
6. The Syringa Mobile Home Park will not close before June 5, 2018.
7. Debtor shall employ a park manager for the Syringa Mobile Home Park until its closure and keep the Clinic apprised of the name and contact information for the park manager.
8. In the event of a dispute relating to the interpretation of any of the terms of this agreement, the parties agree to submit that dispute for resolution before Judge Frederick P. Corbit.
9. The parties may execute this agreement by emailing their authorization to Judge Frederick P. Corbit at Fred_Corbit@waeb.uscourts.gov.
10. The undersigned counsel and parties each represent s/he has authority to execute this agreement on its/their own behalf and/or on behalf of their respective clients.

SHELLEY MAGAR,
authorized representative of the Debtor

TIM DACK, attorney for the Debtor

BRYAN TELEGIN, attorney and
authorized representative for
Idaho Conservation League

ANDREA COURTNEY, attorney and
authorized representative for State of Idaho
Department of Environmental Quality

MAUREEN LAFLIN, attorney and
authorized representative for
the Tenants

MAGAR SETTLEMENT AGREEMENT – Page 2 of 2